IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3139-FL

MICHAEL EUGENE HUNT,  )
                            )
       Plaintiff,           )
                            )
       v.                        )           ORDER
                            )
TONY RAND,                )
                            )
       Defendants.      )

FILED
FEB 16 2011

Michael Eugene Hunt ("plaintiff") filed this action pursuant to 42 U.S.C. § 1983. This matter came before the court on plaintiff's motion to appoint counsel (DE # 8), motion for this civil action not to be transferred to the docket of a United States Magistrate Judge (DE # 11), and motion requesting a stay (DE # 18). These matters are ripe for adjudication.

Plaintiff filed a motion to appoint counsel to assist him in litigating this action. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional" circumstances. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (internal quotation omitted). The facts of this case and plaintiff's abilities do not present exceptional circumstances. Therefore, plaintiff's motion for appointment of counsel is DENIED.

Plaintiff also requests that the court not refer this action to a United States Magistrate Judge. The court has not issued an order referring the matter to a United States Magistrate Judge. Thus, plaintiff's motion is DENIED as moot.

Finally, plaintiff requests that the court stay ruling on defendant's motion to dismiss until after plaintiff has the opportunity to submit the necessary affidavit and other evidence to oppose the motion. Essentially, plaintiff requests that the court provide an extension of time to gather the evidence necessary to respond to defendant's motion to dismiss. For good cause shown, plaintiff's motion is GRANTED. Plaintiff has an additional thirty (30) days from the date of this order to respond to defendant's motion to dismiss.[1]

In sum, plaintiff's motion to appoint counsel (DE # 8) is DENIED, and his motion for this civil action not to be transferred to the docket of a United States Magistrate Judge (DE # 11) is DENIED as moot. However, plaintiff's motion requesting a stay (DE # 18) is GRANTED, and plaintiff is allowed an additional thirty (30) days from the date of this order to respond to defendant's motions to dismiss.

SO ORDERED, this the 14- day of February, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[1] The court notes that plaintiff filed a response to defendant's motion to dismiss on December 28, 2010. The court assumes that plaintiff requests the extension of time to file a supplemental response to defendant's motion to dismiss.

2