IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3139-FL

FILED

AUG 1 8 2011

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

| | |
|---|---|
| MICHAEL EUGENE HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TONY RAND, ) | |
| ) | |
| Defendant. ) | |

The matter comes before the court on defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE # 14). The motion has been fully briefed, and the issues raised now are ripe for adjudication. For the following reasons, the court grants defendant's motion.

## STATEMENT OF THE CASE

On July 29, 2010, plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that the amended parole statute N.C. Gen. Stat. § 15A-1371(b)(4) violates the Ex Post Facto Clause of the United States Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. As relief, plaintiff requests a declaratory judgment stating that the amended parole statute violates his rights. Plaintiff also requests that the court award injunctive relief in the form of a court order requiring an immediate parole hearing.

On December 6, 2010, defendant filed a motion to dismiss plaintiff's action, arguing that plaintiff failed to state a claim upon which relief may be granted. In response, plaintiff filed a

pleading requesting that the court stay ruling on defendant's motion to dismiss until after plaintiff had the opportunity to submit the necessary affidavit and other evidence to oppose the motion. The court then allowed plaintiff an additional thirty (30) days to respond to defendant's motion to dismiss. Plaintiff thereafter filed a response.

## STATEMENT OF FACTS

Plaintiff makes the following allegations. On September 19, 1980, plaintiff was convicted of first-degree murder and was sentenced to life imprisonment. Plaintiff became eligible for parole consideration in December 1990, and his parole was denied. Plaintiff received a parole review, and was denied parole, each December until December 2008. Subsequent to his December 2008 parole review, plaintiff received a letter informing him that he would not receive parole consideration for three years pursuant to the amendment of N.C. Gen. Stat. § 15A-1371.

Prior to its amendment in 2008, § 15A-1371, which applied to Class A felons such as plaintiff, provided:

> If parole is denied, the Commission must consider its decision while the prisoner is eligible for parole at least once a year until parole is granted and must give the prisoner written notice of its decision at least once a year . . . .

N.C. Gen. Stat. § 15A-1371(b)(2) (repealed 1994).[1] In 2008, the North Carolina General Assembly amended the repealed statute to provide as follows:

> The Commission shall review cases where the prisoner was convicted of first or second degree murder, and in its discretion, give consideration of parole and written notice of its decision once every third year; except that the Commission may give more frequent parole consideration if it finds that exigent circumstances or the interests of justice demand it.

---

[1] Section 15A-1371(b)(2) was repealed in 1994 in connection with the enactment of the Structured Sentencing Act, but remained effective for prisoners convicted of crimes that occurred prior to the Structured Sentencing Act.

2

S.L. 2008-133, § 1. Plaintiff states that this amendment violates his rights pursuant to the Ex Post Facto and Due Process Clauses.

Plaintiff also alleges that the composition of the Parole Commission has been changed from one Chairman and four Commissioners to one Chairman and two part-time Commissioners, and that this reduction in Parole Commission membership violates his opportunity to speak pursuant to the Due Process Clause.

**DISCUSSION**

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (citation omitted). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

1.  Ex Post Facto Clause

The Ex Post Facto Clause of the United States Constitution provides that "[n]o State shall . . . pass any . . . ex post facto Law." U.S. Const. Art. I, § 10, cl. 1. The ex post facto prohibition

3

applies to "[e]very law that *changes the punishment*, and inflicts a *greater punishment*, than the law annexed to the crime, when committed." Collins v. Youngblood, 497 U.S. 37, 42 (1990) (emphasis in original). The relevant inquiry is whether the legislative amendment "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." California Department of Corrections v. Morales, 514 U.S. 499, 509 (1995). If the amendment produces only a "speculative and attenuated possibility" of increasing an inmate's punishment, then there is no ex post facto violation. Id.

Considering a similar parole statute revision, the United States Supreme Court in Morales held that the retroactive application of a California statute which changed the frequency of parole hearings for persons convicted of more than one murderer from every year to once every three years did not violate the Ex Post Facto Clause. Id. at 509. The court in Morales reasoned that the California parole statute did not violate the Ex Post Facto Clause because: (1) it applied only to a narrow class of prisoners "for whom the likelihood of release on parole is quite remote," (2) it only affected subsequent hearings, meaning that it never applied until after the initial hearing had been held; (3) it required the parole board to make specific findings justifying the deferral, and to explain its decision in writing. Id. at 510-11.

The amended version of N.C. Gen. Stat. § 15A-1371(b)(4), which results in parole review every third year, rather than once per year is similar to the change in the parole statute at issue in Morales. Neither law increased the actual sentence of imprisonment. Further, amended § 15A-1371(b)(4) allows for more frequent parole review if the inmate demonstrates exigent circumstances or that justice requires a more frequent review, and parole determinations remain within the discretion of the parole board. These factors weigh in favor of finding no Ex Post Facto Clause

4

violation. Additionally, another court in this district has determined that the amended version of § 15A-1371(b)(4) does not violate the Ex Post Facto Clause. See Overman v. Baker, No. 5:05-CT-687-BO (E.D.N.C. Feb. 27, 2007), appeal dismissed, 65 F. App'x 506 (4th Cir. 2003). Based upon the foregoing, the court finds that the amended version of amended § 15A-1371(b)(4) does not violate the Ex Post Facto Clause.

2.  Due Process Clause

The Due Process Clause analysis consists of two steps: "We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." Swarthout v. Cooke, 562 U.S. ----, 131 S.Ct. 859, 861 (2011) (citation omitted). An inmate has no independent federal constitutional right to be paroled before the expiration of his valid criminal sentence, and States have no constitutional obligation to establish a parole system. See id. at 862. However, when a State does create a liberty interest, the Due Process Clause "requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures." Id. The procedural requirements are minimal in the context of parole, and due process simply requires, at most, that an inmate be provided a statement of the reasons why parole was denied. Id.; Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996).

In this case, plaintiff hinges his due process claim on the fact that his parole review time intervals have increased and the number of Commissioners serving on the Parole Commission has decreased. However, the due process clause is not implicated by either of these circumstances. Rather, due process merely requires that a plaintiff be given the opportunity to be heard and provided a statement of the reasons parole was denied. Plaintiff alleges in his complaint that he has received

5

regular parole review since he became eligible for parole consideration in December 1990. The complaint fails to state that he has been deprived of a hearing or a statement of reasons for his denial of parole.[2] Accordingly, plaintiff has not alleged facts sufficient to state a due process violation, and plaintiff's due process claim is dismissed for failure to state a claim upon which relief may be granted.

3.  Equal Protection

In his response to defendant's motion for summary judgment, plaintiff makes the conclusory allegation that he was denied the Fourteenth Amendment's right to equal protection of the laws. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). However, the equal protection clause is not violated if the Parole Commission treats plaintiff differently than inmates who are incarcerated for other reasons. See Skinner v. State of Oklahoma, ex. rel. Williamson, 316 U.S. 535, 540 (1942).

Plaintiff has not stated that he was treated differently from any person with whom he is similarly situated, nor has he provided any factual allegations whatsoever to support his claim. Although *pro se* litigants are held to less stringent pleading standards than attorneys, the court is not required to "accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's

---

[2] The court notes that plaintiff states in his December 28, 2010 response to defendant's motion for summary judgment that he has received a written statement of reasons for the denial of his parole.

Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). There is a minimum level of factual support required. White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Because plaintiff has not provided any allegations to support his equal protection claim, his claim is without merit.[3]

4. Miscellaneous Allegations

Plaintiff makes conclusory allegations regarding an alleged Mutual Agreement Program contract in his response to defendant's motion. The court finds that plaintiff has not provided sufficient factual support for this claim. The court further finds that plaintiff has not properly amended his complaint pursuant to Federal Rule of Civil Procedure 15(a) to include any new claim. Thus, plaintiff's miscellaneous allegations are not addressed.

## CONCLUSION

Based upon the foregoing, defendant's motion to dismiss (DE # 14) is GRANTED, and the action is DISMISSED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 17th day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[3] The court also notes that an equal protection claim was not raised in plaintiff's complaint and plaintiff has not amended his complaint to include such a claim.